United States District Court
Southern District of Texas
**ENTERED**
August 03, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BLATHE NICOLE SLOUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-20-1318 |
| | § | |
| LEGACY HOME HEALTH AGENCY, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Blathe Nicole Slough worked for Legacy Home Health Agency, Inc. as a Human Resource Representative, beginning in October 2017.  She had a child in November 2018, returned to work in what she alleges was a demoted position, and was pregnant with her second child when she was fired in March 2019.  She sued Legacy, alleging retaliation for taking pregnancy leave under the Family Medical Leave Act, as well as discrimination based on her pregnancy under Title VII and Chapter 21 of the Texas Labor Code.  (Docket Entry No. 1-1 at 4).   Legacy responded by denying discrimination or retaliation and asserting a legitimate basis for the job termination.

The threshold issue is whether Slough must resolve her claims in arbitration under the agreement she signed when she began working.   Legacy moves to dismiss this litigation and require the parties' dispute to be resolved in arbitration, as set out in the Employment Acknowledgment and Agreement and the Policy for Submission of Disputes to Final and Binding Arbitration (Effective Starting October 02, 2017).  Slough signed both documents when she began her employment in 2017.

Based on the record and applicable law, the court grants the motion to dismiss this case. (Docket Entry No. 11).  The reasons are stated below.  The order moots the motion for leave to

amend; even considering the proposed amended complaint, the disputes are subject to arbitration, and amendment would be futile.

## I.    Background

In 2017, Legacy hired Slough.  At the beginning of her employment, Slough signed an "Employee Acknowledgement and Agreement Concerning Policy on Arbitration."  (Docket Entry No. 11-1 at 2).  The Acknowledgement stated that the employment relationship was at-will and could be terminated by either party at any time, without prior notice or cause.  The Acknowledgement also required that "any claim or controversy ("Dispute") [the employee] has, or may have in the future, against the Company . . . or employees, arising out of or in any way relating to an employee's employment or termination of employment with the Company . . . be submitted to and settled by final and binding arbitration in Texas, rather than by a lawsuit tried before a court or jury."  (*Id.* at 6).  Legacy and Slough agreed to arbitrate all claims arising under Title VII and the Family and Medical Leave Act, including "any claims of any type of discrimination, harassment, retaliation[,] or wrongful defamation."  (*Id.*).  The types of claims excluded from the requirement to arbitrate are not among those Slough asserts in this litigation.

Slough signed the Acknowledgement and Agreement Concerning Policy on Arbitration, acknowledging that she understood that the Policy "provides that disputes, claims, and controversies shall be resolved by an arbitrator rather than in court or with a jury," and that the Policy was "governed by the Federal Arbitration Act." (*Id.* at 5).

In 2018, Slough gave birth to her first child.  (Docket Entry No. 1-1 at 5).  She returned to work four weeks later.  She alleges that Legacy changed her title to Human Resources Coordinator, which she alleges was a demotion.  (*Id.*).  In March 2019, Slough disclosed that she was pregnant with her second child.  (*Id.*).  Slough alleges that she then "encountered pregnancy related animus

from upper management" in the form of harassment, "write ups," and other "employee policies." (*Id.*).  An unnamed person in upper management allegedly told HR that "'[i]f [Slough] is going to be pregnant again, I do not want her working here.'"  (*Id.*).  Slough also alleges that there were "anti-pregnant employee policies . . . from upper management" distributed via email.  (*Id.*).  In February 2019, her title was changed to that of an Electronic Visit Verification Supervisor, on a salary basis with no change in the amount of pay.  In March 2019, Legacy sent Slough "a Notice of Disciplinary Action" and changed her title to HR Coordinator, placing her on an hourly pay basis.  (*Id.*).  Later that month, after a second Notice of Disciplinary Action, March 2019, Legacy terminated Slough's employment.[1]  (*Id.* at 6).

In March 2021, Slough sued Legacy, alleging discrimination and retaliation because she exercised her leave rights as a pregnant woman protected by the Family and Medical Leave Act. (Docket Entry No. 1-1 at 3, 6-7).  Legacy moves to dismiss the case and compel arbitration under the Policy on Arbitration.

## II.    Legal Standard

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* if a suit is brought on an issue "referable to arbitration under an agreement in writing for such arbitration," the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement" if a party requests.  9 U.S.C. § 3.

---

[1]  There seems to be a contradiction in the Plaintiff's First Amended Complaint.  She alleges two different times of employment termination: (1) "Plaintiff was terminated ultimately on March 27, 2019. At the time of her termination, Plaintiff was in a protected class (Pregnant female)," (Docket Entry No. 12-1 at 4); and (2) "On March 27, 2020, after 3 years of service to Legacy, Defendant summarily fired [Slough] claiming that pretextual and baseless reasons," (Docket Entry No. 12-1 at 2). The court will defer to the Plaintiff's Original Petition, in which the plaintiff wrote that she "was terminated ultimately on March 27, 2019." (Docket Entry No. 1-1 at 6).

If a party moves to compel arbitration under the Federal Arbitration Act, the court must first determine if the dispute is arbitrable, which requires deciding whether there is (1) a valid agreement to arbitrate between the parties and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Gross v. GGNSC Southaven, LLC*, 817 F.3d 169, 176 (5th Cir. 2016) (quoting *Tittle v. Enron Corp.*, 463 F.3d 410, 418-19 (5th Cir. 2006)); *see Papalote Creek II, LLC v. Lower Colo. River Auth.*, 918 F.3d 450, 454 (5th Cir. 2019). The validity of the arbitration agreement is determined under state contract law. *See Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019) ("Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate."); *Huckaba v. Ref-Chem, LP*, 892 F.3d 686, 688 (5th Cir. 2018) ("[T]he party moving to compel arbitration must show that the agreement meets all of the requisite contract elements." (citation omitted)). In "determining the scope of a valid arbitration agreement," ambiguities are resolved "in favor of arbitration." *Klein v. Nabors Drilling USA LP*, 710 F.3d 234, 237 (5th Cir. 2013); *see also Huckaba*, 892 F.3d at 688.

If the court determines that there is an enforceable agreement to arbitrate and that the dispute is within the scope of the arbitration agreement, the remaining issue is whether federal law or policy makes the claims nonarbitrable. *Janvey v. Alguire*, 847 F.3d 231, 240 (5th Cir. 2017) (citation omitted). If not, the court must compel arbitration. *See Pacheco v. PCM Const. Servs., LLC*, 602 F. App'x 945, 947 (5th Cir. 2015) ("A district court must compel arbitration if there is an agreement for arbitration and a party has failed to comply with that agreement."); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.* (*In re Sedeco, Inc.*), 767 F.2d 1140, 1147 (5th Cir. 1985).

### III.    Analysis

#### A.    The Validity of the Arbitration Policy

Slough does not argue that the Policy on Arbitration she signed and agreed to follow is invalid. Instead, she argues that the Federal Arbitration Act does not govern because the Policy "does not satisfy the [FAA] interstate commerce requirement" as "[i]t is not a contract evidencing a transaction involving interstate commerce." (Docket Entry No. 15 at 2). The law does not support her argument.

The Federal Arbitration Act applies to any contract that evinces a transaction "involving commerce." 9 U.S.C. § 2. The contract itself "may supply the requisite nexus to commerce regardless of whether Plaintiff actually engaged in commerce." *Gomez v. O'Reilly Auto Enterprises, LLC*, No. 3:17-cv-284, 2018 WL 8578438, at *2 (W.D. Tex. June 18, 2018) (internal citation omitted). The issue is not whether the individual employee activities are in commerce, but the employer's "commercial activity as a whole." *Id.* at 3 (citing *Eman-Henshaw v. Park Plaza Hosp.*, 129 F.3d 610, 610 (5th Cir. 1997)).

Legacy orders products and services from providers across the country and serves clients receiving Medicare and Medicaid. (Docket Entry No. 16-1 at ¶ 3-4). Slough's work at Legacy involved those interstate elements. (*Id*. at ¶ 5). The Federal Arbitration Act applies to the Policy on Arbitration that Slough signed because Legacy conducts business and transactions in interstate commerce. *See Gomez*, 2018 WL at *2–3 (the Federal Arbitration Act's inclusion of the phrase "involving commerce" means that the Act applies when the employer's transactions involved interstate commerce, as defined by the Commerce Clause).

Slough concedes that the Policy on Arbitration is a valid agreement between the parties. (Docket Entry No. 16 at 1). Under Texas law, "[a]n employer may enforce an arbitration

agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it." *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006) (citing *In re Dillard Dep't Stores, Inc.,* 181 S.W.3d 370, 375 (Tex. App.—El Paso 2005, orig. proceeding) (per curiam)). Because Slough received and signed Legacy's arbitration agreement, the agreement is valid, and the Federal Arbitration Act applies.

### B.     The Dispute is Within the Scope of the Arbitration Policy

The Policy on Arbitration that Slough agreed to covers "all claims arising under . . . the Family and Medical Leave Act, . . . Chapters 21, 61[,] and 451 of the Texas Labor Code, . . . and all other local, state, and federal statutory claims and all contract, tort, other common law and constitutional claims that are not expressly prohibited from being submitted to binding arbitration." (Docket Entry No. 11-1 at 6).  Slough asserts claims "under Chapter 21 of the Texas Labor Code . . . to correct unlawful employment practices on the basis of sex and disability" and "under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act (FMLA)." (Docket Entry No. 1-1 at 4).  Those claims fall within the scope of the Policy.

### C.     Dismissal, Not Stay, is Appropriate

Slough does not argue that federal law or policy makes her claims exempt from arbitration. Statutory claims, such as those asserted under Title VII, are subject to arbitration agreements that may be enforced under the Federal Arbitration Act.  *Circuit City Stores, inc. v. Adams*, 532 U.S. 105, 123 (2001); *Rojas v. T.K. Communications, Inc.*, 87 F.3d 745, 747 (5th Cir. 1996).  When, as here, all the claims are covered by a valid arbitration agreement, the court should dismiss, not stay. *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992).

**IV.     Conclusion**

Legacy Home Health Agency, Inc.'s motion to dismiss in favor of arbitration, (Docket Entry No. 11), is granted.  Slough's motion for leave to amend, (Docket Entry No. 12), is moot. An order of dismissal is separately entered.

SIGNED on August 3, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge